EASTERN DIST.                    WINCHESTER *vs.* ORY'S SYNDICS.
*March,* 1840.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, FOR THE PARISH
WINCHESTER                 OF ST. JAMES, THE JUDGE THEREOF PRESIDING.
*vs.*
ORY'S SYNDICS. Where one of the appellants dies after the appeal is taken, and the
              other fails to file the record on the return day, or within the legal
              delay, and in the meantime the appellee obtains the clerk's certificate,
              the court forbears to dismiss the appeal, under the act of the 20th
              March, 1839, or to impute the fault to the appellant.

This is an action against the syndics of the creditors of J.
B. Ory, in which the plaintiff, as the assignee of M. Berge-
ron, and holder of six notes of the insolvent, claims from the
defendants the amount of certain dividends arising from the
property sold.

The defendants resisted the plaintiff's demand, and
averred, that the notes held by the plaintiff had been pledged
by notarial act to one Maurice Prevost, by M. Bergeron, who
ceded them to the widow Balloc, and who had received the
dividends due to the holder of the notes as she had a right
to do in virtue of said pledge.

Upon these issues the case was tried. It was shown by
the evidence, that Bergeron had transferred and *delivered* the
notes in question to Winchester; although he had also
pledged them by notarial act, in due form of law, to Maurice
Prevost. The plaintiff is the transferee by actual delivery ;
and the syndics paid the dividends to the transferee of a
pledgee *without* delivery.

The court decreed the amount of the dividends to be paid
to the plaintiff, and the syndics appealed.

The appeal was made returnable to the first Monday in
January, 1840 ; and one of the syndics died in December,
previously to the return day. The record was not filed in
this court until the 27th January. In the meantime, the
plaintiff and appellee obtained a certificate from the clerk,
that the record was not filed on the return day, nor within
the legal delay thereafter.

*Beatty,* for the plaintiff and appellee, moved to dismiss the
appeal, because the record was not filed in time.

*Deblieux*, contra, opposed the motion, and showed the death of one of the appellants.

*Martin, J.*, delivered the opinion of the court.

The appellee prays for the dismissal of the appeal on the following grounds :

1. Because the record was not filed on the return day thereof.

2. The appellee has obtained the clerk's certificate, that the record was not filed within the legal delay after the return day.

The appeal was made returnable to the first Monday in January, and the record was not filed until the 27th day of that month. In the meanwhile the appellee had obtained the certificate of the clerk of this court.

The attorney of the appellants has shown that one of them, Andry, died since the appeal was obtained; and his survivor being unable to stand in court alone, the case ought to be continued until a new syndic be appointed, as the creditors have not authorized one of them to act alone.

The motion to dismiss was made on the 3d March. This case is clearly within the provisions of the act approved 20th March, 1839, section 19.

The appellee having taken the certificate, must be presumed to have proceeded to the execution of his judgment notwithstanding the appeal. This circumstance is, in some degree favorable to the appellants, as it renders the appeal less onerous to the appellee. But we are, by the late law, directed to forbear to dismiss the appeal, when the delay in bringing up the record is not to be imputed to the appellant.

We are of opinion, that the death of one of the syndics, presents at least an excuse to the survivor, who may have believed that the deceased one, had given directions to bring up and file the appeal in proper time ; especially as the delay does not appear to have occasioned any real injury to the appellee.

Where one of the appellants dies after the appeal is taken, and the other does not file the record on the return day, or *within* the *legal delay*, and in the meantime the appellee obtains the clerk's certificate, the court will forbear to dismiss the appeal, under the act of the 20th March, 1839, or to impute the fault to the appellant.

The motion to dismiss is, therefore, overruled.